IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2026

**EWAYNA MECHELLE BROWN v. BRUCE EDWARD THOMAS**

**Appeal from the Chancery Court for Shelby County**
**No. CH-24-0937     James R. Newsom III, Chancellor**

————————————————————

**No. W2025-00934-COA-R3-CV**

————————————————————

This appeal arises from a final judgment in a divorce action without children. The wife appeals contending the trial judge was biased against her, the judge erred by denying her petition for divorce while granting the husband's counterpetition for divorce, and the judge erred in allocating marital assets and debts. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of Chancery Court Affirmed**

FRANK G. CLEMENT JR., C.J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and CARMA DENNIS MCGEE, JJ., joined.

Ewayna Mechelle Brown, Memphis, Tennessee, pro se appellant.

James R. Becker, Jr., and Misty D. Becker, Memphis, Tennessee, for the appellee, Bruce Edward Thomas.

**OPINION**

Ewayna Mechelle Brown ("Wife") commenced this action by filing a complaint for divorce against Bruce Edward Thomas ("Husband") in the Chancery Court for Shelby County on July 18, 2024.[1] They had been married for a brief time, since January 2023, and no children were born to the marriage.

---

[1] There is no verbatim transcript and no Tenn. R. App. P. 24 Statement of the Evidence. Thus, our recitation of the facts and procedural history comes from the pleadings, motions and orders in the technical

The parties separated on March 6, 2023, a mere two months after the marriage, and prior to the commencement of this action, the parties experienced conflict resulting in the filing of competing petitions for protective orders in the General Sessions Court for Shelby County.[2] A Temporary Ex Parte Order of Protection was granted in both cases. After this divorce action commenced, both general sessions court protective order cases were transferred to and consolidated with this civil action in the chancery court.

Following an evidentiary hearing on September 3 and 9, 2024, Chancellor Newsom entered an order of protection, effective September 9, 2024, in favor of Husband against Wife and dismissed Wife's petition. That order was followed by a more detailed order entered on September 25, 2024, in which the chancellor made findings of Wife's domestic violence and that Wife's testimony was "not credible."

Husband filed an answer and counterclaim for divorce on September 26, 2024. Both parties were represented by counsel until November of 2024, when Wife's counsel was granted leave to withdraw. Wife has represented herself ever since, including in this appeal.

On December 16, 2024, Wife filed a Motion to Transfer the Case to Circuit Court, which motion was heard on January 10, 2025, and denied.

Because Wife had not filed an answer to his counterclaim for divorce, Husband filed a Motion for Default Judgment. The motion was filed on February 13, 2025. Wife filed a response in opposition to the motion for default, but she did not file an answer or responsive pleading to Husband's divorce complaint. Nevertheless, she filed other motions, which were set for hearing on February 28, 2025, along with Husband's motion for default judgment. Wife attended the hearing without counsel while Husband appeared with his counsel. At the conclusion of the hearing the chancellor found that Wife had been properly served with the counter-complaint, and instead of granting a default judgment, the court granted Wife additional time, seven days, to file an answer. The order expressly stated that if Wife does not do so, Husband shall be allowed to renew his motion for default. The order also denied Wife's motions titled Ten Day Rule Docket Hearing Request, filed on December 12, 2024, her Motion to Compel Discovery responses filed on December 17, 2024, and her Motion to Compel Discovery Responses filed on February 14, 2025. As the order explained, the first motion was denied because the case was not ready for trial and the two motions for discovery were denied because Wife had failed to comply with the rules of court. This order was entered on March 6, 2025.

---

record filed with this court by the Clerk and Master of the Chancery Court and, to a lesser extent, the briefs of the parties.

[2] Husband filed his petition on May 16, 2024, and Wife filed her petition on May 31, 2024.

Wife never filed an answer to Husband's counter-complaint for divorce, which was filed months earlier, on September 26, 2024. Thus, Husband filed a renewed motion for default which was set for hearing on May 23, 2025. As before, Wife filed a response in opposition to the motion, but she failed to file an answer to Husband's complaint for divorce.

Following the May 23, 2025 hearing, an order was entered granting Husband's motion for a default judgment in which the court found, inter alia, that Wife failed "to plead or otherwise defend or file, as provided by law and the Tennessee Rules of Civil Procedure, a proper response or answer to Husband's Counter-Complaint for Absolute Divorce." Resultingly, the case was set for a final hearing on the uncontested docket on October 28, 2025.

In the interim, on June 13, 2025, Wife filed a motion to set aside the default judgment; however, she failed to set the motion for hearing. Then, on October 27, 2025. Wife filed a Motion to Remove Case from Uncontested Docket and to Stay Proceedings Pending Resolution of Motion to Set Aside Default Judgment and Open Appeal, but she failed to set the motions for hearing. Accordingly, these motions were not heard.

Husband's divorce petition was heard on the uncontested docket on October 28, 2025, at which time the court heard testimony from Wife, Husband, and Husband's witness, Robert Foster. Wife represented herself at the hearing while Husband was represented by counsel. In the Final Decree of Absolute Divorce, entered on October 28, 2025, the court made extensive findings that included the following:

> The Court further finds that Wife has committed inappropriate marital conduct, and a divorce should be granted to Husband on the ground of inappropriate marital conduct. Specifically, this Court has previously found that Wife has committed domestic violence and stalking against Husband in an evidentiary hearing and Order of Protection entered on September 14, 2,024, and Husband has testified that Wife has violated same since the entry of the Order as evidenced by his testimony. Further, Wife has destroyed marital property and separate property of Husband's by slicing Husband's furniture with a butcher knife, puncturing Husband's automobile tires with a knife, and has threatened to shoot him with a pistol. Wife has continued to harass Husband. The Court has heard evidence and seen video evidence of severe inappropriate marital conduct that were previously testified to and demonstrated in the parties' Order of Protection hearings on September 3, 2024, and September 9, 2024, that stem back to when the parties resided in Pennsylvania. The Court further finds that Wife has left Husband without power and utilities in the former marital residence that led to him filing a Motion Pendente Lite to have them reinstated. The Court finds that the

parties own no real estate as the property purchased by Wife during the marriage was foreclosed upon when Wife failed and refused to pay the mortgage for same and refused to allow Husband to have contact with the mortgage company to make payments himself.

Based on these and other findings the court dismissed Wife's complaint finding that she committed inappropriate marital conduct and granted Husband's petition for an absolute divorce. The order also divided the marital estate, inter alia, by awarding Husband the automobile titled in his name, Wife the automobile titled in her name, and each party retained the tangible personal property in his or her possession, as well as their respective retirement accounts. Each party was held responsible for his or her own debts. The chancellor also extended the original order of protection against Wife to October 28, 2035, pursuant to Tennessee Code Annotated § 36-3-605, based on the finding that she had violated the order on multiple occasions.

This appeal by Wife followed.

## ISSUES

Wife presents the following issues for our review.

1. Whether the Chancellor's repeated biased statements and refusal to recuse deprived Plaintiff of an impartial tribunal.

2. Whether the trial court erred by failing to address Plaintiff's grounds of adultery and abandonment pled in her original complaint.

3. Whether the court erred in awarding Defendant possession of the home solely titled to Plaintiff and assigning her all marital debt, despite Defendant's nonpayment leading to foreclosure.

4. Whether the trial court violated Plaintiff's due process rights by entering a default judgment, and later a final decree, without hearing or ruling on pending motions.

## ANALYSIS

We begin by recognizing that Wife is proceeding pro se. "While entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). While most pro se litigants have no legal training and little familiarity with the judicial system, there is "a boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id*. at 903.

- 4 -

Rule 27(a) of the Tennessee Rules of Appellate Procedure requires that the appellant set forth her contentions with respect to the issues presented, and the reasons therefore, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record relied on, and a short conclusion, stating the precise relief sought. *See* Tenn. R. App. P. 27(a)(7) & (8). This is essential for an issue to be considered on appeal because the party's brief must "develop the theories or contain authority to support the averred position as required by Tennessee Rules of Appellate Procedure 27(a)." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Although Wife has included a section in her appellate brief entitled Argument, it is deficient in many respects, and we may not excuse Wife from failing to comply with the same substantive and procedural rules that represented parties are expected to observe. *Id*. Nevertheless, we have chosen to address the issues she has raised to the extent we deem appropriate realizing the deficiencies in Wife's brief.

I.

Wife contends that the chancellor was biased and refused to recuse himself which, she alleges, deprived her of an impartial tribunal.

Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. *See Ranter v. Solomon*, No. E2025-00049-COA-T10B-CV, 2025 WL 326386, at *1 (Tenn. Ct. App. Jan. 29, 2025). "The party seeking recusal bears the burden of proof." *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) (citations omitted). Specifically, "[a] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Id.* (quoting *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012)). This requires, *inter alia*, the timely filing of a motion in the trial court that "shall state, with specificity, all factual and legal grounds supporting disqualification of the judge[.]" Tenn. Sup. Ct. R. 10B, § 1.01. Additionally, "[t]he motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." *Id.*

In her brief, Wife makes no mention of having filed a Rule 10B motion for recusal, and we are unable to find a Rule 10B recusal motion in the record. Filing a Rule 10B motion that is supported by an affidavit of relevant facts is an essential requirement to seek recusal. *See id*. Because Wife did not file a Rule 10B motion, this issue is waived.

II.

Wife contends the trial court erred by failing to address the grounds of adultery and abandonment pled in her complaint.

We find no merit to this contention because the trial court dismissed her complaint for divorce when it granted Husband's complaint. As noted earlier, the court found that "Wife had committed inappropriate marital conduct, and a divorce should be granted to Husband on the ground of inappropriate marital conduct." Additionally, the chancellor found that Wife had committed domestic violence and stalking and had violated the order of protection. The court also found that Wife "had destroyed marital property and separate property of Husband's by slicing Husband's furniture with a butcher knife, puncturing Husband's automobile tires with a knife, and has threatened to shoot him with a pistol. Wife has continued to harass Husband."

We also note that there is no verbatim transcript of the evidence or a statement of the evidence. In cases where no transcript or statement of the evidence is filed, we presume that the record, had it been properly preserved, would support the action of the trial court. *See Fayne v. Vincent,* 301 S.W.3d 162, 169-170 (Tenn. 2009) ("[W]hen an issue of sufficiency of the evidence is raised on appeal, we must presume, in the absence of a record of the proceedings, that the transcript or statement of the evidence, had it been included in the record, would have contained sufficient evidence to support the trial court's factual conclusions."). Accordingly, we affirm the trial court's judgment on this issue.

III.

Wife contends the trial court erred in awarding Husband possession of the home titled to her and assigning all marital debt to her.

Although the trial court granted Husband possession of the home pendente lite, the trial court found that the parties owned no real estate at the time of the divorce because it was foreclosed upon when "Wife refused to pay the mortgage and refused to allow Husband to have contact with the mortgage company to make payments himself." Thus, there was no home to award to Husband or Wife at the time of the divorce.

As for the marital debt, contrary to Wife's representations, all marital debt was not assessed against Wife. Instead, the Final Decree reveals that the debts incurred by Husband were assessed against him solely, and the debts incurred by Wife were assessed against her solely. In this regard, the Final Decree reads:

> As an equitable division of marital property, Husband shall be responsible
> for and shall hold Wife harmless from all debt in his name, with the exception

of any debt mentioned herein. And Wife shall be responsible for and hold Husband harmless from all debt in her name. Should there be any deficiency owed on the marital residence, that shall be borne solely by Wife.

And as noted above, there is no verbatim transcript or statement of the evidence. Therefore, we presume the record would support the action of the trial court on this issue. *See Fayne v. Vincent,* 301 S.W.3d at 169-170. Accordingly, we affirm the trial court's judgment on this issue.

IV.

Wife contends the trial court violated her due process rights by entering a default judgment, and later a final decree, without hearing or ruling on pending motions.

We have already discussed the entry of the default judgment and find no need to discuss it further. As for the contention that she filed motions that the trial court refused to hear, we find no merit to these issues for the following reasons.

One, the record reveals that the trial court ruled on several of her numerous motions. As for the other motions, we note, as mentioned in Husbands's brief, that Rule 10 of the Rules of the Chancery Court of Shelby County, Tennessee places the onus on the movant to set motions for hearing, and the record fails to show that Wife complied with Rule 10. *See Case v. Shelby County Civil Service Merit Board*, 98 S.W.3d 167, 175 (Tenn. Ct. App. 2002). Thus, the motions were not heard because Wife failed to set them for hearing. Accordingly, we find no merit to this issue.

IN CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed in all respects, and we remand this matter to the trial court for further proceedings consistent with this opinion. Costs of appeal are taxed to Appellant, Ewayna Mechelle Brown, for which execution may issue, if necessary.

_____
FRANK G. CLEMENT JR., C.J.

- 7 -